EK:WPC
F.#2009R00766

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

   - against -

GEORGE KANNAVOS and
SPIROS KANNAVOS,

          Defendants.

- - - - - - - - - - - - - - - - -X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

APR 12 2012

LONG ISLAND OFFICE

I N F O R M A T I O N

Cr. No. 12-195 (ADS)(WDW)
(T. 18, U.S.C., §§ 371 and
3551 et seq.)

THE UNITED STATES ATTORNEY CHARGES:

### INTRODUCTION

At all times relevant to this Information, unless otherwise indicated:

    1. The defendants GEORGE KANNAVOS and SPIROS KANNAVOS were the sole shareholders of Dick and Dora, Inc., doing business as Dick and Dora's Restaurant ("Dick and Dora's"), incorporated in New York State and located at 33 Alhambra Road, Massapequa, New York.

    2. Dick and Dora's was an "S" corporation. "S" corporations are not taxable entities but their shareholders are responsible for the payment of taxes on their individual tax returns based on their share of the "S" corporation's profits. Under federal law, Dick and Dora's, as an "S" corporation, was required to file with the Internal Revenue Service ("IRS") IRS Forms 1120S, which were yearly "information" returns that stated

the profits or losses of the business. Furthermore, Dick and Dora's was required to prepare and give a Schedule K-1 to each shareholder in the corporation. The K-1 Schedule included, among other information, each shareholder's share of income, deductions and credits.

3.  The defendants GEORGE KANNAVOS and SPIROS KANNAVOS were required to report any gains or losses from Dick and Dora's on Schedule E of their personal income tax returns and satisfy the tax liability, if any, that resulted from such gains or losses.

The Scheme to Defraud

4.  The defendants GEORGE KANNAVOS and SPIROS KANNAVOS, together with others, created two sets of daily register receipts for Dick and Dora's. At the end of each day, GEORGE KANNAVOS printed a register report titled "SYS Detail," which reflected the actual cash sales for the day. Defendant GEORGE KANNAVOS then subtracted the amount of cash income that the defendants wished to conceal and printed another report titled "Print Time Report," which did not include the cash income amount that had been subtracted from the SYS Detail report. The defendant GEORGE KANNAVOS thereafter prepared two sets of records, one detailing the true amount of cash sales from information in the SYS Detail report (the "SYS Detail Record")

2

and one detailing the lesser falsified cash sale amounts from information in the Print Time Report (the "Print Time Record").

5. Dick and Dora's also generated cash sales through catering services and bar sales (hereinafter referred to as "cash bar and catering" sales). These cash bar and catering sales were not reflected in the register receipt reports, the SYS Detail Schedule or the Print Time Record.

6. The defendants GEORGE KANNAVOS and SPIROS KANNAVOS gave the Print Time Record to their accountant, "John Doe," an individual whose identity is known to the United States Attorney. Based on the information contained in the Print Time Record, John Doe prepared Dick and Dora's tax returns and the individual tax returns for the defendants. As the defendants GEORGE KANNAVOS and SPIROS KANNAVOS then and there well knew and believed, these tax returns contained the false and fraudulent information from the Print Time Record.

## COUNT ONE
(Conspiracy to Defraud the United States)

7. The allegations contained in paragraphs one through six of this Information are realleged and incorporated as if fully set forth in this paragraph.

8. In or about and between January 2002 and December 2006, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants GEORGE KANNAVOS and SPIROS KANNAVOS, together with others, did knowingly

and willfully conspire to defraud the United States by impeding, impairing, obstructing and defeating the lawful governmental functions of the IRS, in the ascertainment, computation, assessment and collection of revenue, to wit: federal income taxes.

9.  In furtherance of the conspiracy and to effect its objects, within the Eastern District of New York and elsewhere, the defendants GEORGE KANNAVOS and SPIROS KANNAVOS, together with others, committed and caused to be committed, among others, the following:

### OVERT ACTS

a.  On or about and between January 1, 2006 and December 6, 2006, both dates being approximate and inclusive, the defendants GEORGE KANNAVOS and SPIROS KANNAVOS, together with others, filed or caused to be filed false and fraudulent tax forms for the 2006 tax year.

b.  On or about and between January 1, 2005 and April 15, 2006, both dates being approximate and inclusive, the defendant GEORGE KANNAVOS, together with others, filed or caused to be filed false and fraudulent tax forms for the 2005 tax year.

c.  On or about and between January 1, 2005 and April 15, 2006, both dates being approximate and inclusive, the

defendant SPIROS KANNAVOS, together with others, filed or caused to be filed false and fraudulent tax forms for the 2005 tax year.

(Title 18, United States Code, Sections 371 and 3551 et seq.)

*[signature]*
LORETTA E. LYNCH
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK